UNITED STATES of America, Appellee,

v.

William L. HANDY, Jr., Appellant.

No. 02–3002.

United States Court of Appeals, District of Columbia Circuit.

March 8, 2002.

Before HENDERSON, RANDOLPH, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's order filed December 20, 2001, be affirmed. The court lacks jurisdiction to entertain Handy's challenge to the denial of his motion to revoke the detention order because Handy filed his notice of appeal more than 10 days after the order denying that motion was entered. *See* Fed. R.App. P. 4(b)(1). Moreover, the district court properly denied Handy's motion to reconsider the denial of his motion to revoke because the new evidence cited in the motion was insufficient to overcome the findings that Handy is a flight risk and poses a danger to the community. *See* 18 U.S.C. § 3142(f). In particular, the district court was entitled to

**2**

credit the government's interpretation of the evidence as showing that Goodman failed to mention Handy in his post-arrest statement because the interview focused on the roles of unindicted co-conspirators; that Handy did not maintain electronic records of drug transactions because Handy consistently had guarded the secrecy of his alleged drug trafficking; that Handy's attempt to recover his van after it was seized in Frederick, Maryland is attributable to convincing cover stories by the surveillance agent in California and the officer who arrested him in Frederick; and that Handy's attempt to recover the van demonstrates that Handy's purpose in traveling to Washington, D.C. was to distribute cocaine rather than to sightsee. The district court was not required to make findings of fact and state the reasons for denying Handy's motion to reopen the detention proceeding. *See* 18 U.S.C. § 3142(f).

Finally, regarding Handy's claim that the duration of his detention offends due process, because he failed to raise this argument before the district court, the court will not consider it on appeal. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1078–79 (D.C.Cir.1984).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.